**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ELAINE HAWK, individually and on behalf of others similarly situated, ) ) ) | Case No.:      0 8 - 1 7 6 |
| Plaintiff, ) ) | |
| vs. ) ) | CLASS REPRESENTATION |
| MERCK & CO., INC., and SCHERING-PLOUGH CORPORATION, d/b/a SCHERING-PLOUGH PHARMACEUTICALS, ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT**

COME NOWS, ELAINE HAWK ("Plaintiff") a resident of New Castle County County, Delaware, individually and on behalf of all others similarly situated, by and through their attorneys of record and files this class action complaint against Defendants, MERCK & CO., INC ("Merck") and SCHERING-PLOUGH, CORPORATION d/b/a SCHERING-PLOUGH PHARMACEUTICALS ("Schering-Plough"). In support of said class action complaint, Plaintiff states as follows:

**I.      INTRODUCTION**

Plaintiff brings this action pursuant to Fed. R. Civ. P.23 on her own behalf and as representative of a class of persons consisting of all Delaware residents ("the Delaware Class" who purchased or paid for the prescription medications Zetia® (Ezetimibe) and/or Vytorin® (Ezetimibe/Simvastatin), drugs researched, manufactured, marketed, promoted, advertised, sold and distributed by a combination and/or collaboration of Defendants Merck and Schering-Plough.

**II.      PARTIES**

1.      Plaintiff ELAINE HAWK is, and at all relevant times to this action, has been a person of the full age of majority and resident of New Castle County, Delaware.

-1-

2.    At all times relevant to this action, Merck was a New Jersey-based corporation doing business in the State of Delaware by distributing, marketing, selling and/or profiting from Zetia® and Vytorin® in the State of Delaware and throughout the United States.  At all times relevant hereto, Merck's principal place of business was in New Jersey.

3.    At all times relevant to this action, Schering-Plough Corporation, d/b/a Schering Plough Pharmaceuticals ("Schering-Plough") was a Florida corporation doing business in the State of Delaware by distributing, marketing, selling and/or profiting from Zetia® and Vytorin® in the State of Delaware and throughout the United States.  At all times relevant hereto, Schering-Plough's principal place of business was in New Jersey.

### III.    JURISDICTION & VENUE

4.    The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d). The aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs.

5.    Venue is properly set in this District Venue pursuant to 28 U.S.C. § 1391(a) because Defendants are subject to personal jurisdiction in this judicial district.

### IV.    CLASS ALLEGATIONS

6.    Plaintiff brings all claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.    Plaintiff brings this action on behalf of a Class defined as follows: All Delaware residents who purchased the prescription medications Zetia® and/or Vytorin®.

8.    Excluded from the class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family.

9.    The action may be maintained as a class action under Delaware law for the following reasons:

(a)    The class is so numerous that joinder of all parties is impracticable.  At the

1    time of filing this cause of action, over one million people in the United States and

2    several thousand Delaware residents have purchased Zetia® and/or Vytorin®.

3    Class members are readily identifiable on the basis of prescriptions required to

4    acquire Zetia® and/or Vytorin® and proof of purchase, including but not limited

5    to pharmacy records and/or receipts, and health insurance records.

6    (b)    Defendants' practices apply uniformly to all members of the class so that

7    there are questions of law and fact common to all members of the class.  All

8    putative Class Members have been similarly affected by purchasing Zetia® and/or

9    Vytorin® and the relief sought herein is for the benefit of Plaintiff and members

10   of the putative Class.  Common issues of fact and/or law predominate over any

11   individual issues.  Common questions of law or fact include:

12         (1)  Whether Defendants knew or should have known that

13         Zetia® and/or Vytorin® fails to reduce patients' risk of

14         heart attack or stroke before marketing the drug to the

15         public;

16         (2)  Whether Zetia® and/or Vytorin® fails to reduce

17         patients' risk of hear attack or stroke when compared to

18         other traditional single drug treatment with cholesterol

19         medications known as "statins" such as (Lipitor®),

20         fluvastatin (Lescol®), lovastatin (Mevacor®), pravastatin

21         (Pravachol®),    simvastatin    (Zocor®),    rosuvastatin

22         (Crestor®) (collectively referred to herein as "Statins");

23         (3)  Whether Zetia® and/or Vytorin® increases patients'

24         risks of heart attack or stroke;

25         (4)  Whether  or  not  Defendant  intentionally  and/or

26         recklessly sought to withhold and/or delay the release of

27         data to the public from the "ENHANCE Study";

28         (5)  Whether or not Defendants' conduct in connection

with the marketing and sale of Zetia® and/or Vytorin®

was negligent, false, misleading, and/or omitted material

information regarding safety and efficacy;

(6)    Whether or not Defendants' conduct in connection

with the marketing and sale of Zetia® and/or Vytorin® to

the public constituted any "deception, fraud, false

pretense, false promise, misrepresentation, or the

concealment, suppression, or omission of any material

fact" pursuant to the Delaware Consumer Fraud Act, 6

*Del. C.* § 2511 *et seq.*; and,

(7)    Whether Defendants are liable for damages and

punitive damages.

(c)    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff seeks no relief which is antagonistic to the interests of the class. In addition, Plaintiff is represented by counsel who is competent and experienced in the prosecution of class actions and pharmaceutical products liability actions.

(d)    A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that such individual actions would engender. The benefits of proceeding as a class action, including providing a method of obtaining redress for claims that it would not be practicable to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

(e)    There will be no difficulty in the management of this action as a class action.

V.    GENERAL ALLEGATIONS

-4-

1    10.    All allegations in this Class Action Complaint are based on information and

2  belief and/or are likely to have evidentiary support after a reasonable opportunity for

3  further investigation or discovery.

4    11.    Whenever reference in this Class Action Complaint is made to any act or

5  transaction of Defendants, such allegation shall be deemed to mean that the principals,

6  officers, directors, employees, agents, and/or representatives of Defendants committed,

7  knew of, performed, authorized, ratified, and/or directed such act or transaction on behalf

8  of Defendants while engaged in the scope of their duties.

9                          **VI.    FACTS COMMON TO ALL COUNTS**

10    12.    Plaintiff ELAINE HAWK was prescribed and purchased Vytorin®, a drug

11  containing both Zetia® and Zocor® in about June 2005 and Zetia® for reduction of

12  cholesterol.

13    13.    Zetia® was approved by the Food and Drug Administration ("FDA") in

14  2002 and is a drug promoted by Defendants in Delaware and the United States for

15  cholesterol reduction.

16    14.    Zocor® is a statin drug, promoted for cholesterol reduction, which at

17  certain relevant times was available to Delaware residents in a generic form.

18    15.    Vytorin® was approved by the FDA in 2004, and is a drug which combines

19  Zetia® and Zocor® into a single pill.

20    16.    At all relevant times, Vytorin® was promoted by Defendants for

21  cholesterol reduction in Delaware and the United States.

22    17.    Defendants engaged in a joint marketing scheme for the promotion and

23  sales of Zetia® and Vytorin® .

24    18.    At all relevant times, Defendants promotion and sale of Zetia® and

25  Vytorin® was the result of a joint venture between Merck and Schering-Plough.

26    19.    The primary medical purpose of cholesterol drugs, such as Zetia® and/or

27  Vytorin® , which are designed to reduce patients' cholesterol levels, is to reduce the risk

28  of heart attack and/or stroke.

1    20.    Defendants represented that, through the reduction of the bad type of

2    cholesterol, the heart health of users would benefit with the implication that less heart

3    attacks would occur in users of these drugs.

4    21.    As part of Defendants' joint marketing scheme, these representations

5    regarding the cardiac health benefits of Zetia® and Vytorin® were made directly to the

6    users of said drugs as well as to their prescribing physicians via television, print, and

7    other forms of advertisement.

8    22.    On January 14, 2008, defendants made public, for the first time, the results

9    of the ENHANCE study which had been performed in 2006 to determine the

10    effectiveness and safety of Vytorin®.

11    23.    The results of the ENHANCE study showed that not only did Vytorin®,

12    which contains Zetia®, not reduce the advance of the formation of fatty plaques whose

13    rupture could cause heart attacks, but that they may actually have increased their

14    development.

15    24.    Defendants' release of the results of the ENHANCE study were due to

16    pressure from the United States House Energy and Commerce Committee, which has

17    been probing the delay in their disclosure of said results.

18    25.    That the chairman of the subcommittee of the said House Committee states

19    on January 14, 2008 that the delay of almost two years in releasing the negative

20    information about the drugs led to a conclusion that the delay was intentional.

21    26.    The results of the ENHANCE study were purposely concealed by

22    Defendants in order to facilitate and enhance sales in the time period between when the

23    study results were known and the date on which said results were disclosed.

24    27.    There were many other more safe and effective drugs on the market that

25    reduce cholesterol and reduce the risk of heart attacks at the time that the aforementioned

26    drugs were sold.

27    28.    Defendants misrepresented the safety and efficacy of Zetia® and Vytorin®.

28    29.    Upon information and belief, before Zetia® and Vytorin® were designed,

1  formulated, marketed and sold, Defendants were aware of the fact that the drugs had little

2  or no proven medical benefit in reducing the risk of heart attack or stroke in comparison

3  to traditional treatment with Statin drugs.

**COUNT I – VIOLATION OF CONSUMER FRAUD ACT**

5      30.    Plaintiff repeats and re-alleges, as if fully set forth herein, each and every

6  allegation contained in the above paragraphs and further alleges:

7      31.    Defendants promotion and sale of Zetia® and Vytorin® constituted unfair,

8  unconscionable, or deceptive methods, acts or practices in violation of Delaware's

9  Consumer Fraud Act, 6 *Del. C.* §2511 *et seq.* when they represented, through advertising,

10 warranties, and other express representations, that these drugs had cardiac health benefits

11 that they did not actually have. Defendants further violated Delaware's Consumer Fraud

12 Act when they willfully concealed and delayed the release of data from the ENHANCE

13 study which included material information indicating that these drugs lacked medical

14 benefits to patients. Finally, Defendants violated Delaware's Consumer Fraud Act when

15 they advertised these drugs with the intent to sell it as advertized when, in so doing,

16 Defendants concealed and suppressed facts material to the true characteristics, standards

17 and quality of Zetia® and Vytorin®.

18     32.    Defendants' deceptive acts and practices, via television, print and other

19 forms of advertisements, were of a material nature and specifically designed to induce

20 Plaintiff and the Class to purchase Zetia® and/or Vytorin®.

21     33.    Had Plaintiff and the Class not purchased Zetia® and/or Vytorin®, they

22 could have purchased other, less expensive, cholesterol medications that both reduce

23 cholesterol and the risk of heart attack.

24     34.    As a direct and proximate result of Defendants' deceptive methods,

25 practices and acts, Plaintiff and the Class have suffered actual economic damages.

**COUNT II - NEGLIGENCE**

27     35.    Plaintiff repeats and re-alleges as if fully set forth herein, each and every

28 allegation contained in the above paragraphs and further alleges:

1    36.    At all relevant times to this action, Defendants had a duty to use reasonable

2  care in connection with the sale and marketing of Zetia® and Vytorin®.

3    37.    Defendants were careless in designing, testing, manufacturing, marketing,

4  distributing, and selling Zetia® and Vytorin® despite the fact that they were not effective

5  at accomplishing their stated uses.

6    38.    Defendants knew or should have known that Zetia® and Vytorin® has no

7  medical benefit in terms of reducing the risk of heart attack or stroke yet failed to recall

8  the drugs or to alert physicians and users of the need to replace them with an effective

9  alternative.

10    39.    As a direct and proximate result of Defendants' negligence in connection

11  with the marketing and sale of Zetia® and Vytorin®, Plaintiff and other class members

12  have incurred economic harm.

13                          **COUNT III - BREACH OF WARRANTY**

14    40.    Plaintiff repeats and re-alleges as if fully set forth herein, each and every

15  allegation contained in the above paragraphs and further alleges:

16    41.    Defendants impliedly warranted that Zetia® and Vytorin® were

17  merchantable.

18    42.    Zetia® was not merchantable under Delaware law because it did not

19  perform its intended function.

20    43.    Vytorin® was not merchantable because it did not perform its intended

21  function.

22    44.    Defendants expressly warranted that Zetia® and Vytorin® were effective in

23  accomplishing their intended uses.

24    45.    Zetia® was not effective in accomplishing its intended use.

25    46.    Vytorin® was not effective in accomplishing its intended use.

26    47.    Accordingly, Defendants have breached the applicable warranties, express

27  and implied, and are therefore liable to Plaintiff.

28    48.    As a direct and proximate result of Defendants' breach of implied warranty,

1  Plaintiff and the Class have sustained economic losses and other damages for which they

2  are entitled to damages in an amount to be proved at trial.

**COUNT IV – UNJUST ENRICHMENT**

4      49.    Plaintiff repeats and re-alleges as if fully set forth herein, each and every

5  allegation contained in the above paragraphs and further alleges:

6      50.    Defendants obtained monies from the marketing, labeling, and/or sale of

7  Zetia® and Vytorin®.

8      51.    When considered under the totality of the circumstances, as described

9  above, Defendants have been unjustly enriched to the detriment of Plaintiff and the

10  members of the Class by the retention of consumers' purchase monies received directly

11  and indirectly by Defendants.

12      52.    The enrichment was conferred on Defendants by consumers as a direct

13  result of the failures, omissions, and deceptive and fraudulent conduct of Defendants.

14      53.    Defendants' retention of monies they have gained through their failures,

15  omissions, and deceptive and fraudulent conduct would be unjust considering the totality

16  of the circumstances. Defendants should be ordered to disgorge their unjustly obtained

17  monies and to make restitution to Plaintiff and the Class in an amount to be determined.

18

**PRAYER AND RELIEF**

20      WHEREFORE, Plaintiff on behalf of herself and all others similarly situated, pray

21  for judgment against Defendants and request as follows:

22      1.    For an Order, pursuant to Fed. R. Civ. P. 23, certifying this Class based on

23  the above-stated Class Definition, and appointing Plaintiff and her undersigned counsel,

24  to represent the Class and any appropriate subclasses;

25      2.    For the declaratory relief requested;

26      3.    For compensatory, equitable and/or restitutionary damages according to the

27  proof and for all applicable statutory damages under 6 *Del. C.* §2511 *et seq.*;

28      4.    For punitive damages on Counts I – IV;

1     5.     For an award of attorneys' fees and costs;

2     6.     For pre-judgment interest and costs of suit; and

3     7.     For such other and further relief as this Court may deem just and proper.

4

5     **JURY DEMAND**

6     Plaintiff demands a trial by jury on all issues so triable.

7

8     **DESIGNATION OF PLACE OF TRIAL**

9     Plaintiff hereby designates Wilmington, Delaware as the place of trial for this

10  cause.

11     Dated this 25ᵗʰ day of March, 2008

12

13     By: _____

GARY S. NITSCHE, P.A.

14     WEIK, NITSCHE, DOUGHERTY & COMPONOVO

15     1300 North Grant Avenue, Ste. 101
Wilmington, DE 19806

16     Phone: (302) 655-4040
Fax: (302) 654-4892

17     Attorneys for Plaintiffs

18     and

19     Steven R. Maher
MAHER, GUILEY AND MAHER, P.A.

20     631 West Morse Boulevard, Suite 200
Winter Park, FL 32789

21     Phone: (407) 839-0866

22     Fax: (407) 425-7958
Co-Counsel for Plaintiffs

23

24     Paul Sizemore
GIRARDI & KEESE

25     1126 Wilshire Blvd.

26     Los Angeles, CA 90017
Phone: (213) 489-5330

27     Fax: (213) 481-1554

28     Co-Counsel for Plaintiffs

-10-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Thomas P. Cartmell
WAGSTAFF & CARTMELL LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
Phone: (816) 701-1100
Fax: (816) 531-2372
Co-Counsel for Plaintiffs

Gerald B. Taylor
TAYLOR LAW FIRM
7208 Fairwoods Place
Montgomery, AL 36117
Phone: (334) 775-1025
Co-Counsel for Plaintiffs

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____0 8 - 1 7 6_____

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF _____3_____ COPIES OF AO FORM 85.

_____3/28/08_____
(Date forms issued)

_____
(Signature of Party or their Representative)

_____Sean McCollam_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action

JS 44  (Rev. 12/07)

# CIVIL COVER SHEET    08 - 176

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Elaine Hawk, Individually and
on behalf of others similarly situated,

**(b)** County of Residence of First Listed Plaintiff **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Gary S. Nitsche, Esquire    302-655-4040
1300 N. Grant Ave, Ste. 101, Wilmington DE  19806

## DEFENDANTS

Merck & Co., Inc. and
Schering-Plough Corporation d/b/a
Schering-Plough Pharmaceuticals

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893  Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN    (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1331
Brief description of cause:
class action

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE    3-25-08

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.       **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.      **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.     **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.     **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.      **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.     **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**         Example:          U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**. Date and sign the civil cover sheet.